Halpern, J., dissenting: In Petaluma FX Partners, LLC v. Commissioner, 131 T.C. 84, 103 (2008), affd. in part, revd. in part, and vacated in part 591 F.3d 649 (D.C. Cir. 2010), we held that, if a partnership is disregarded for tax purposes, we have jurisdiction to treat the partners’ outside bases as zero. We added: “If a property has a basis of zero, any basis claimed above that will be a valuation overstatement and the [section 6662 accuracy-related] penalty will apply.” Id. While the Court of Appeals agreed that, in this partnership-level proceeding, we have jurisdiction to disregard Petaluma as a partnership, it disagreed that, on account thereof, we can find that the partners overstated the value of their bases in Petaluma. Petaluma FX Partners, LLC v. Commissioner, 591 F.3d at 655. It faulted our determination that the partners overstated their bases (thus possibly attracting a valuation misstatement penalty) on the ground that outside basis is an affected item, which we lack jurisdiction to determine in this partnership-level proceeding. Id. It questioned whether the accuracy-related penalty “could have been computed without partner-level proceedings to determine the affected-items questions concerning outside bases”. Id. at 655-656. It speculated whether any penalty “could * * * [be] assessed without partner-level computations,” and it remanded for us to again consider the penalty. Id. at 656. The majority concludes “that we do not have jurisdiction over any section 6662 penalty determinations in this partnership-level case.” Majority op. p. 587. I disagree. Section 6226(f) establishes our jurisdiction in a partnership-level proceeding to determine the applicability of penalties that relate to adjustments to partnership items. Respondent claims that we have adjusted partnership items in this partnership-level proceeding by disregarding Petaluma as a partnership and by redetermining the amounts of the putative partners’ contributions to it. Because of those adjustments, respondent asks that we sustain his assertion of the accuracy-related penalty imposed by section 6662. That penalty is an ad valorem addition imposed on the portion of an underpayment of tax (to which the section applies) required to be shown on a tax return. See sec. 6662(a). In this case, the relevant tax returns and underpayments are those of Petaluma’s putative partners because, although it filed a tax return, Petaluma did so as a partnership, which is a passthrough entity that pays no income tax. See sec. 701. Respondent’s position is that the putative partners underpaid their income taxes because of adjustments to partnership items made by this Court and that some or all of those underpayments are attributable to one or more of three of the circumstances specified in section 6662(b): Negligence or disregard of rules and regulations (without distinction, negligence), a substantial understatement of income tax, and a substantial or gross valuation misstatement. See sec. 6662(b)(1), (2), and (3). The term “affected item” includes penalties such as the section 6662 accuracy-related penalty when the penalty is imposed on a partner with respect to an adjustment to a partnership item and the penalty is computed with reference to the portion of an underpayment in tax attributable to the adjustment. See sec. 301.6231(a)(5)-1T(d), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987) (currently, section 301.6231(a)(5)-1(e), Proced. & Admin. Regs.). The penalty may be applicable here. If Petaluma is disregarded as a partnership or each putative partner’s contribution to Petaluma is deemed to be zero, one or more items on each putative partner’s return will change, likely resulting in a net increase in his tax liability and concomitant underpayment of the tax required to be shown on his return.[1] If in this proceeding we determine that one or more of the section 6662(b)(1) through (3) circumstances exist with respect to an adjustment to a partnership item, then we should sustain respondent’s determination that the penalty applies; the penalty is an affected item, and each putative partner’s liability for the penalty is determined by way of a computational adjustment. See sec. 301.6231(a)(6)-1T(a), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3840 (Jan. 26, 1999) (currently, section 301.6231(a)(6)-1(a), Proced. & Admin. Regs.). Our decision that the penalty applies is necessarily preliminary, however, since we lack jurisdiction in this partnership-level proceeding to determine any partner’s tax liability or underpayment of tax. In Petaluma FX Partners, LLC v. Commissioner, 131 T.C. at 103, we concluded that the accuracy-related penalty applied on the ground of a valuation misstatement of outside basis. We saw no need to address whether the penalty could be applied on the grounds of negligence or understatement of income tax. Id. at 108. As stated, the Court of Appeals reversed our penalty decision on the ground that outside basis is an affected item over which, in this proceeding, we lack jurisdiction. It questioned whether the accuracy-related penalty based on a valuation misstatement could be computed “without partner-level proceedings to determine the affected-items questions concerning outside bases”. Petaluma FX Partners, LLC v. Commissioner, 591 F.3d at 655-656. It speculated whether any penalty could be assessed without partner-level computations. Id. at 656. Respondent answers the specific question posed by the Court of Appeals in the affirmative, arguing, alternatively, (1) “that the overvaluation penalty applies to any underpayment of tax that results from the determination that the partnership is a sham” and (2) that it applies “because * * * [it] relates to adjustments to inside basis in the contributed options.” With respect to his first alternative, respondent adds: “The Court can do this [determine the application of the penalty] without determining each partner’s outside basis”. Respondent adds that, as an alternative to imposing the accuracy-related penalty on the ground of a valuation misstatement, the Court could impose the penalty on the ground of negligence or a substantial understatement of income tax. The majority believes that it cannot impose any accuracy-related penalty because any deficiencies in tax resulting from this proceeding “must therefore be determined against the partners as affected items and must be resolved in separate partner-level deficiency procedures. The section 6662 penalties are all related to these adjustments, which have not yet been made by respondent.” Majority op. p. 586. While it is true that the accuracy-related penalty is an ad valorem addition based on an underpayment of tax, which, in the case of adjustments to partnership items, may be indeterminable without a partner-level determination, respondent is here claiming that the proximate cause of any underpayment resulting from our adjustments to partnership items is either a partnership-level misstatement of value, partnership-level negligence, or the adjustments themselves, which will result in a substantial understatement of income tax. The majority appears to accept respondent’s claim of proximate cause: “The determination that the partnership is a sham implies negligent conduct regarding formation of the partnership”. Majority op. p. 586. Nevertheless, it reads the Court of Appeals’ questioning of whether a valuation misstatement could be computed without partner-level proceedings to determine outside basis as establishing a limiting rule: That for us to have penalty jurisdiction at the partnership level, not only must the penalty relate to a partnership item (as plainly required by section 6226(f)), but the penalty also “must * * * be capable of being ‘computed without partner-level proceedings,’ * * * leading at least potentially to only a computational adjustment to the partners’ returns.” Majority op. p. 587. Since the accuracy-related penalty is an ad valorem addition determinable only at the taxpayer (in this case, partner) level, what the majority must mean is that a computational adjustment establishing a partner’s liability for the penalty must be achievable without the necessity of any partner-level determination.[2] The majority adds: “The effect of the mandate concerning the section 6662 penalty is that if the penalty does not relate directly to a numerical adjustment to a partnership item, it is beyond our jurisdiction.” Majority op. p. 587. Finding no such adjustments, the majority concludes we have no penalty jurisdiction in this case. Majority op. p. 587. The Court of Appeals does not mention numerical adjustments, and it speaks about the inability to compute the accuracy-related penalty without partner-level proceedings only in the context of our attempt to impose the penalty on account of a valuation misstatement of an affected item; i.e., outside basis. Respondent claims that there are grounds for the penalty that do not require us to determine an affected item (other than the penalty itself). While the Court of Appeals does speculate whether a penalty could have been assessed without a partner-level computation, both the computational adjustment and assessment of any penalty liability relating to a partnership item are administrative steps taken only after the close of the partnership-level proceeding. See sec. 6225(a); sec. 301.6231(a)(6)-1T(a)(2), Temporary Proced. & Admin. Regs., supra (currently, section 301.6231(a)(6)-1(a)(3), Proced. & Admin. Regs.). Moreover, the regulations are clear that a penalty related to a partnership item may be directly assessed following the partnership-level proceeding “based on determinations in that proceeding, regardless of whether partner level determinations are required.” Sec. 301.6231(a)(6)-1T(a)(2), Temporary Proced. & Admin. Regs., supra (currently, section 301.6231(a)(6)-1(a)(3), Proced. & Admin. Regs.). The majority’s attribution to the Court of Appeals of a rule that a computational adjustment to reflect a penalty must be achievable without the necessity of any partner-level determination flies directly in the face of other language in that same regulation, which distinguishes computational adjustments with respect to penalties from other computational adjustments requiring partner-level determinations: However, if a change in a partner’s tax liability cannot be made without making one or more partner level determinations, that portion of the change in tax liability attributable to the partner level determinations shall be made under the provisions of subchapter B of chapter 63 of the Internal Revenue Code (relating to deficiency procedures), except for any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item. Sec. 301.6231(a)(6)-1T(a), Temporary Proced. & Admin. Regs., supra (emphasis supplied) (currently, section 301.6231(a)(6)-1(a)(1), Proced. & Admin. Regs.). The Court of Appeals did not undertake to reorganize the procedural steps established by Congress and implemented by the Secretary for determining, computing, assessing, and collecting penalties related to partnership items, nor should we interpret it as doing so. We obey the Court of Appeals mandate by reconsidering the section 6662 penalty on grounds (such as those claimed by respondent) other than those, such as the putative partners’ outside bases, that depend on our determination of an affected item. Our task, even if we determine that the penalty applies, is necessarily inconclusive, since the penalty is an affected item, the amount of which is to be determined by computational adjustment, which may, as a preceding step, require one or more partner-level determinations. Our jurisdiction extends to the aspects of the penalty we are authorized to determine. Nevertheless, in exercise of that jurisdiction, we may have to ask respondent to better explain the grounds he claims justify the penalty. I conclude the results are “likely” only because I lack information about the particulars of the putative partners’ returns and tax liabilities. The term “partner level determination” is used in sec. 301.6231(a)(6) — 1T(a), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3840 (Jan. 26, 1999) (currently, sec. 301.6231(a)(6)-1(a)(1), Proced. & Admin. Regs.), to describe an intermediate, partner-level determination that, in some cases, may be necessary before a change in a partner’s tax liability to reflect the treatment of a partnership item can be made by way of a computational adjustment. The majority appears to assume that the penalties here in issue cannot be determined without partner-level determinations.